**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000615
19-MAR-2025
10:29 AM
Dkt. 49 SO**

NO. CAAP-24-0000615

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF K.R. AND B.R.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 24-00024)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Father-Appellant (**Father**) appeals from the September 9, 2024 Orders Concerning Child Protective Act (**September 9, 2024 Order**) entered by the Family Court of the First Circuit (**Family Court**).[1] Pursuant to the Child Protective Act (**CPA**), the Family Court asserted jurisdiction over Father and Mother-Appellee (**Mother**) (**Parents**), and K.R. and B.R. (**Children**), and awarded Petitioner-Appellee Department of Human Services (**DHS**) foster custody of the Children.

Father raises a single point of error on appeal, contending that the record lacks sufficient evidence he sexually

---

[1] The Honorable Lesley N. Maloian presided.

abused K.R.  Father also challenges Findings of Fact (**FOFs**) 15, 85, 86, 100, 104-08, 128, 130, 132, 140, and 141, some of which appear to be mixed questions of fact and law.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Father's point of error as follows:

Unchallenged FOFs include the following.  The genesis of this CPA case was a report to DHS of sexual abuse and threat of sexual abuse to K.R. by Father, threat of sexual abuse to B.R. by Father, and physical neglect and threat of neglect of both Children by Mother.[2]  K.R. was forensically interviewed by a Honolulu Police Department detective and she disclosed, *inter alia*, that Father forced her to have sex with him.  DHS social worker Kelsey Mills (**Mills**) gave expert testimony in the areas of social work and child protective or child welfare services.  The Family Court found Mills to be a credible witness and accepted her testimony.

The gravamen of Father's appeal is that only the recording of K.R.'s interview, Mills's testimony, and DHS's February 14, 2024 Safe Family Home Report implicated Father, and the evidence was insufficient to support the Family Court's findings and conclusions that Father is the perpetrator of sexual abuse to K.R. and not able to provide Children with a safe family

---

[2]     Father is K.R.'s step father and B.R.'s father.  K.R. was a teenager, and B.R. was a young school-age child, at the time of the report.

home, even with the assistance of a service plan. Father also challenges the Family Court's rejection of Mother's testimony as not credible, as well as its rejection of the testimony of Dr. John Mascaro, PhD, with regard to the allegations in the Petition. Father points to certain testimony that he asserts should be given greater weight than the evidence relied on by the Family Court.

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." In re Doe, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001). "The [trial] judge may accept or reject any witness's testimony in whole or in part." State v. Kwong, 149 Hawaiʻi 106, 112, 482 P.3d 1067, 1073 (2021). There is substantial evidence supporting the Family Court's findings and we are not left with a definite and firm conviction that a mistake has been made. See Doe, 95 Hawaiʻi at 190, 20 P.3d at 623.

We will not disturb the Family Court's assessment of the credibility of the witnesses in this case. While there were some inconsistencies between parts of Mills' testimony and K.R.'s recorded interview, viewing all of the evidence before the Family Court, we cannot conclude that the Family Court clearly erred in its findings or abused its discretion in its determination that Father is the perpetrator of sexual abuse to K.R. and he is not willing or able to provide Children with a safe family home, even with the assistance of a service plan.

For these reasons, the Family Court's September 9, 2024 Order is affirmed.

DATED: Honolulu, Hawaiʻi, March 19, 2025.

On the briefs:

Herbert Y. Hamada,
for Father-Appellant.

Derek D. Peterson,
Julio C. Herrera,
Abigail S. Dunn Apana,
Kurt J. Shimamoto,
Deputy Attorneys General,
Department of the Attorney
General,
for Petitioner-Appellee
The Department of Human
Services.

Brandon K. Eugenio,
(Arakaki & Eugenio),
for Guardian Ad Litem-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge